**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

MELVIN ANDERSON,

    *Plaintiff,*

v.

Chicago Police Officers DIONDRE
SWEEZER, Star No. 19307, and
DEMETRIUS ROBINSON-
STANFORD, Star No. 11341,

    *Defendants.*

No. 23 CV 4069

Judge Lindsay C. Jenkins

## PROPOSED PRETRIAL ORDER

1.   **Jurisdiction**

    This action is brought under the Civil Rights Act of 1871 (42 U.S.C. § 1983) for
alleged violations of plaintiff's Fourth Amendment rights. This court has
jurisdiction over this matter pursuant to 28 U.S.C. §§ 1343 and 1331.

2. **Trial Attorneys**

a. Plaintiff's trial attorneys are:

Garrett Browne
ED FOX & ASSOCIATES, LTD.
Suite 425
118 N. Clinton St.
Chicago, IL. 60661
(312) 345-8877
gbrowne@efoxlaw.com

Edward Fox
ED FOX & ASSOCIATES, LTD.
Suite 425
118 N. Clinton St.
Chicago, IL. 60661
(312) 345-8877
efox@efoxlaw.com

b. Defendants' trial attorneys are:

Jordan Yurchich
Assistant Corporation Counsel Supervisor
City of Chicago, Department of Law
2 North LaSalle Street, Suite 420
Chicago, Illinois 60602
312.745.1625 (Phone)
Jordan.yurchich2@cityofchicago.org

Gregory Beck
Assistant Corporation Counsel Supervisor
City of Chicago, Department of Law
2 North LaSalle Street, Suite 420
Chicago, Illinois 60602
312.742.5146 (Phone)
gregory.beck@cityofchicago.org

3.    **Case Statement**

       Plaintiff Melvin Anderson alleges that, on October 16, 2022, near the intersection of Springfield and Huron streets in the City of Chicago, the defendants, Chicago police officers Diondre Sweezer and Demetrius Robinson-Stanford, unlawfully stopped him without legal cause and used excessive force against him. Defendants deny the allegations against them.

4.   **Trial Length/Number of Jurors**

The parties estimate that the trial will take four (4) days, including jury selection, opening statements, and closing arguments. Plaintiff recommends that the jury be comprised of eight (8) jurors. Defendants recommend that the jury be comprised of twelve (12) jurors.

5.    **Stipulations And Uncontested Facts**

a.    On October 16, 2022, Chicago police officers Diondre Sweezer and Demetrius Robinson-Sanford were acting under color of state law and within the scope of their employment.

6. **Witness Lists**

    a.     **Plaintiff *will* call the following witnesses:**

        i. <u>Melvin Anderson</u>. Mr. Anderson is the Plaintiff who will testify about the incident alleged in the complaint and his alleged injuries. Mr. Anderson will testify live and in person.

        ii. <u>Diondre Sweezer</u>. Mr. Sweezer is a Defendant who will testify about the incident alleged in the complaint. Mr. Sweezer will testify live and in person.

        iii. <u>Demetrius Robinson-Stanford</u>. Mr. Robinson-Stanford is a Defendant who will testify about the incident alleged in the complaint. Mr. Robinson-Stanford will testify live and in person.

    b.     **Plaintiff *might* call the following witnesses:**

        i. <u>Dr. Margaret K. Williamson</u>. Dr. Williamson is a physician that provided treatment to Melvin Anderson. Dr. Williamson would testify live and in person.

    c.     **Defendants *will* call the following witnesses:**

        i. <u>Melvin Anderson</u>. Plaintiff will testify about the events that occurred on October 16, 2022, and the injuries he allegedly sustained. He will testify live and in person.

        ii. <u>Diondre Sweezer</u>. Officer Sweezer is a defendant who will testify about his training and experience as a Chicago police officer; the events that occurred on October 16, 2022; and his financial condition should plaintiff seek punitive damages. He will testify live and in person.

        iii. <u>Demetrius Robinson-Stanford</u>. Officer Robinson-Stanford is a defendant who will testify about his training and experience as a Chicago police officer; the events that occurred on October 16, 2022; and his financial condition should plaintiff seek punitive damages. He will testify live and in person.

    d.     **Defendants *might* call the following witnesses:**

        i. **Sergeant Michael Plovanich** (Star No. 1221). Sgt. Plovanich will testify about the statements plaintiff made during an interview that occurred at Northwestern Hospital on October 17, 2022. He will testify live and in person.

ii.     **Officer Trysha Solis**. Officer Solis will testify about the statements plaintiff made during an interview that occurred at Northwestern Hospital on October 17, 2022. She will testify live and in person.

iii.    **Officer Alicia Furqan**. Officer Furqan will testify about the statements plaintiff made during an interview that occurred at Northwestern Hospital on October 17, 2022. She will testify live and in person.

iv.     **Evidence Technician (ET) Jennifer Jacobucci** (Star No. 4783). ET Jacobucci will testify about the statements plaintiff made and the photographs she took of plaintiff at Northwestern Hospital on October 17, 2022. She will testify live and in person.

v.      **Dennis Baliga**. Mr. Baliga works for the Office of Public Safety Administration, which oversees all Information Technology (IT) for the Chicago Police Department (CPD), Chicago Fire Department (CFD), and Office of Emergency Management and Communication (OEMC). He will lay the foundation for the GPS records and will testify about the information contained in those records. He will testify live and in person.

vi.     **Dan Sullivan.** Mr. Baliga works for the Office of Public Safety Administration, which oversees all Information Technology (IT) for the Chicago Police Department (CPD), Chicago Fire Department (CFD), and Office of Emergency Management and Communication (OEMC). He will lay the foundation for the GPS records and will testify to information contained in those records. He will testify live and in person.

vii.    **Dr. Margaret K. Williamson**. Dr. Williamson is a physician at Northwestern Memorial Hospital's emergency department (ED). She will testify about the treatment and care plaintiff received when he presented to the ED on October 17, 2022.

7. **Exhibits and Exhibit Charts**

Plaintiff's Exhibits

| No. | Date | Description | Relevance | Objection |
|---|---|---|---|---|
| PX1 | 10/16/22 | Video of incident (Anderson 00007) | Recording of incident | |
| PX2 | 10/16/22 | Video of Area of incident (Anderson 00008) | Recording of area of incident | |
| PX3 | n/a | Google map of area of incident used in depositions | Map of area of incident | |
| PX4 | n/a | Google image of intersection used in depositions | Image of area of incident | |
| PX5 | n/a | Google image of intersection used in depositions | Image of area of incident | |
| PX6 | 10/16/22 | Photo of intersection (Anderson 00003) | Image of area of incident | |
| PX7 | 10/16/22 | Photo of area of incident (Anderson 00004) | Image of area of incident | |
| PX8 | 10/16/22 | Photo of Plaintiff's Coat (Anderson 00005) | Image of Plaintiff's coat worn at time of incident | |
| PX9 | 10/16/22 | Photo of Plaintiff's Coat Anderson 00006) | Image of Plaintiff's coat worn at time of incident | |
| PX10 | 10/17/22 | Plaintiff's medical records from Northwestern Hospital | Documentation of Plaintiff's medical treatment | |
| PX11 | 10/17/22 | Photo of Plaintiff's Chest (FCRL 00700) | Image of Plaintiff's physical condition at hospital | |
| PX12 | 10/17/22 | Photo of Plaintiff's Back (FCRL 00703) | Image of Plaintiff's physical condition at hospital | |
| PX13 | n/a | Special Order SO3-14 (FCRL 001059-1068) | CPD order requiring police officers to active body cameras | |

Defendants' Exhibits

| No. | Date | Description | Relevance | Objection |
|-----|------|-------------|-----------|-----------|
| DX1 | 06/26/23 | Pl.'s Complaint | Contains evidentiary admissions about the events at issue | R. 403 confusion ordinarily legal pleadings are not admissible |
| DX2 | 09/11/23 | Pl.'s Am. Complaint | Contains judicial admissions about the events at issue | R. 403 confusion ordinarily legal pleadings are not admissible |
| DX3 | 11/02/23 | Pl.'s Answers to Interrogatories | Contains statements by a party-opponent regarding the events at issue and damages | R. 403 Confusion, prejudicial. R. 402; relevance |
| DX4 | 10/16/22 | Cell Phone Video (Anderson 000008) | Depicts the events at issue | No objection |
| DX5 | 10/16/22 | Cell Phone Photo (FCRL_000376) | Depicts intersection | No objection |
| DX6 | 10/17/22 | Cell Phone Photo (FCRL_000377) | Depicts torn clothing | No objection |
| DX7 | 10/17/22 | Cell Phone Photo (FCRL_000389) | Depicts torn clothing | No objection |
| DX8 | 10/17/22 | Cell Phone Video (FCRL_000395) | Depicts address of where the incident occurred | No objection |
| DX9 | 10/19/22 | Cell Phone Video (Anderson 000007) | Depicts sidewalk and fence | No objection |
| DX10 | 10/17/22 | Event Query Report (FCRL_000468) | Establishes that Beat 1833 was dispatched to Northwestern in response to plaintiff's report of a battery | R. 801, 802 hearsay |
| DX11 | 10/17/22 | Event Query Report (FCRL_000472) | Establishes that Beat 1823 (evidence technician) responded to Northwestern to photograph plaintiff's alleged | R. 801, 802 hearsay |

| No. | Date | Description | Relevance | Objection |
|---|---|---|---|---|
| | | | injuries | |
| DX12 | 10/17/22 | Furqan BWC (FCRL_000468) | Statement of a party-opponent regarding the events at issue | R. 403 cumulative, wasting time |
| DX13 | 10/17/22 | Planovich BWC (FCRL_000468) | Statement of a party-opponent regarding the events at issue | R. 403 cumulative, wasting time |
| DX14 | 10/17/22 | Solis BWC (FCRL_000468) | Statement of a party-opponent regarding the events at issue | R. 403 cumulative, wasting time |
| DX15 | 10/17/22 | Evidence Tech Photo (FCRL_000695) | Photo identification card with date photos were taken | No objection |
| DX16 | 10/17/22 | Evidence Tech Photo (FCRL_000696) | Photograph of plaintiff standing (with mask); establishes plaintiff's condition at the time of his treatment at Northwestern | No objection |
| DX17 | 10/17/22 | Evidence Tech Photo (FCRL_000697) | Photograph of plaintiff standing (with mask); establishes plaintiff's condition at the time of his treatment at Northwestern | R. 403 cumulative |
| DX18 | 10/17/22 | Evidence Tech Photo (FCRL_000698) | Photograph of plaintiff standing (w/o mask); establishes plaintiff's condition at the time of his treatment at Northwestern | R. 403 cumulative |
| DX19 | 10/17/22 | Evidence Tech Photo (FCRL_000699) | Photograph of plaintiff standing (w/o mask); establishes | R. 403 cumulative |

| No. | Date | Description | Relevance | Objection |
|---|---|---|---|---|
| | | | plaintiff's condition at the time of his treatment at Northwestern | |
| DX20 | 10/17/22 | Evidence Tech Photo (FCRL_000700) | Photograph of plaintiff's chest; establishes plaintiff's condition at the time of his treatment at Northwestern | No objection |
| DX21 | 10/17/22 | Evidence Tech Photo (FCRL_000701) | Photograph of plaintiff's chest; establishes plaintiff's condition at the time of his treatment at Northwestern | No objection |
| DX22 | 10/17/22 | Evidence Tech Photo (FCRL_000702) | Photograph of plaintiff's left side; establishes plaintiff's condition at the time of his treatment at Northwestern | No objection |
| DX23 | 10/17/22 | Evidence Tech Photo (FCRL_000703) | Photograph of plaintiff's back; establishes plaintiff's condition at the time of his treatment at Northwestern | No objection |
| DX24 | 10/17/22 | Evidence Tech Photo (FCRL_000704) | Photograph of plaintiff's right side; establishes plaintiff's condition at the time of his treatment at Northwestern | No objection |
| DX25 | 10/17/22 | Crime Scene Processing Report (FCRL_000466) | Shows the work the ET performed at Northwestern, establishes plaintiff's condition | R. 801, 802 hearsay; foundation |

| No. | Date | Description | Relevance | Objection |
|---|---|---|---|---|
| | | | at the time of his treatment at Northwestern | |
| DX26 | 10/17/22 | Initiation Report (FCRL_000675) | Contains statements of a party-opponent regarding the events at issue | R. 801, 802 hearsay; foundation |
| DX101 | 10/16/22 | GPS Data for Vehicle 7058 (FCRL_000101) | Establishes the officers' location and length of time they were at Springfield & Huron | R. 801, 802 hearsay; foundation |
| DX102 | 10/16/22 | PMS GPS 001 Report (FCRL_000671) | Establishes the officers' location and length of time they were at Springfield & Huron | R. 801, 802 hearsay; foundation |
| DX103 | 10/16/22 | OEMC GPS Map (FCRL_000673) | Establishes the officers' location and length of time they were at Springfield & Huron | R. 801, 802 hearsay |
| DX104 | 10/16/22 | CLEAR Caboddle Map (FCRL_000464) | Establishes the officers' location and length of time they were at Springfield & Huron | R. 801, 802 hearsay |
| DX201 | 08/01/23 | CLEAR Training – Robinson-Stanford (FCRL_000050) | Establishes the officers received training on preliminary investigations, searches and seizures, activating BWCs, and completing reports | R. 801, 802 hearsay |
| DX202 | 08/01/23 | CLEAR Training – Sweezer (FCRL_000049) | Establishes the officers received training on | R. 801, 802 hearsay |

| No. | Date | Description | Relevance | Objection |
|---|---|---|---|---|
| | | | preliminary investigations, searches and seizures, activating BWCs, and completing reports | |
| DX203 | 11/15/23 | E-Learning – Robinson-Stanford (FCRL_000989) | Establishes the officers received training on preliminary investigations, searches and seizures, activating BWCs, and completing reports | R. 801, 802 hearsay |
| DX204 | 11/15/23 | E-Learning – Sweezer (FCRL_001016) | Establishes the officers received training on preliminary investigations, searches and seizures, activating BWCs, and completing reports | R. 801, 802 hearsay |
| DX205 | 04/30/18 | Special Order S03-14 (FCRL_001059) | Sets forth the circumstances in which officers are supposed to activate their BWCs | No objection |
| DX301 | 11/14/23 | Individual Activity Report – Robinson-Stanford (FCRL_000722) | Establishes that Officer Robinson-Stanford developed a habit or routine practice of completing TSSS cards, contact cards, and ISRs | R. 402 relevance; R. 403 confusing, cumulative, wasting time; R. 801, 802 hearsay; R. 901 authentication; foundation |
| DX302 | 11/14/23 | Individual Activity Report – Sweezer (FCRL_000721) | Establishes that Officer Sweezer developed a habit or routine practice of completing TSSS cards, contact | R. 402 relevance; R. 403 confusing, cumulative, wasting time; R. 801, 802 hearsay; R. 901 |

| No. | Date | Description | Relevance | Objection |
|---|---|---|---|---|
| | | | cards, and ISRs | authentication; foundation |
| DX303 | 10/16/22 | Sweezer BWC | Video shows that Officer Sweezer was acting in conformity with his training, habit, and routine practice on 10/16/22. | R. 402 relevance; R. 403 confusing, cumulative, wasting time; R. 801, 802 hearsay; R. 901 authentication; foundation |
| DX304 | 10/16/22 | Sweezer BWC | Video shows that Officer Sweezer was acting in conformity with his training, habit, and routine practice on 10/16/22. | R. 402 relevance; R. 403 confusing, cumulative, wasting time; R. 801, 802 hearsay; R. 901 authentication; foundation |
| DX305 | 10/16/22 | Sweezer BWC | Video shows that Officer Sweezer was acting in conformity with his training, habit, and routine practice on 10/16/22. | R. 402 relevance; R. 403 confusing, cumulative, wasting time; R. 801, 802 hearsay; R. 901 authentication; foundation |
| DX306 | 10/16/22 | Sweezer BWC | Video shows that Officer Sweezer was acting in conformity with his training, habit, and routine practice on 10/16/22. | R. 402 relevance; R. 403 confusing, cumulative, wasting time; R. 801, 802 hearsay; R. 901 authentication; foundation |
| DX307 | 10/16/22 | Sweezer BWC | Video shows that Officer Sweezer was acting in conformity with his training, habit, and routine practice on 10/16/22. | R. 402 relevance; R. 403 confusing, cumulative, wasting time; R. 801, 802 hearsay; R. 901 authentication; foundation |
| DX308 | 10/16/22 | Traffic Stop Statistical Study | The TSSS Report demonstrates that | R. 402 relevance; R. 403 confusing, |

| No. | Date | Description | Relevance | Objection |
|---|---|---|---|---|
| | | (TSSS) Report (FCRL_001952) | Officer Sweezer was acting in conformity with his training, habit, and routine practice on 10/16/22. | cumulative, wasting time; R. 801, 802 hearsay; R. 901 authentication; foundation |
| DX401 | 10/17/22 | Medical records from Northwestern Emergency Department | Relevant to plaintiff's claims and his alleged damages | No objection |
| DX901 | 11/03/23 | Criminal History Report | Rule 404(b) character evidence, prior bad acts (if plaintiff opens the door) | R. 403 prejudicial; R. 404 inadmissible character evidence; R. 609; R. 801, 802 hearsay |
| DX902 | 10/22/11 | Arrest Report – unlawful possession of a firearm | Rule 404(b) character evidence, prior bad acts (if plaintiff opens the door) | R. 403 prejudicial; R. 404 inadmissible character evidence; R. 609; R. 801, 802 hearsay |
| DX903 | 10/22/11 | Original Case Incident Report - unlawful possession of a firearm | Rule 404(b) character evidence, prior bad acts (if plaintiff opens the door) | R. 403 prejudicial; R. 404 inadmissible character evidence; R. 609; R. 801, 802 hearsay |
| DX904 | 10/22/11 | Case Supp Report - unlawful possession of a firearm | Rule 404(b) character evidence, prior bad acts (if plaintiff opens the door) | R. 403 prejudicial; R. 404 inadmissible character evidence; R. 609; R. 801, 802 hearsay |
| DX905 | 09/30/22 | Arrest Report – possession of cannabis & soliciting | Rule 404(b) character evidence, prior bad acts (if plaintiff opens the door) | R. 403 prejudicial; R. 404 inadmissible character evidence; R. 609; R. 801, 802 |

| No. | Date | Description | Relevance | Objection |
|---|---|---|---|---|
| | | | | hearsay |
| DX906 | 09/30/22 | Original Case Incident Report – possession of cannabis & soliciting | Rule 404(b) character evidence, prior bad acts (if plaintiff opens the door) | R. 403 prejudicial; R. 404 inadmissible character evidence; R. 609; R. 801, 802 hearsay. |
| DX907 | 04/03/22 | Arrest Report – unlawful possession of a stolen vehicle & poss cannabis | Rule 404(b) character evidence, prior bad acts (if plaintiff opens the door) | R. 403 prejudicial; R. 404 inadmissible character evidence; R. 609; R. 801, 802 hearsay |
| DX908 | 04/03/22 | Original Case Incident Report – theft, motor vehicle theft, and criminal damage to property | Rule 404(b) character evidence, prior bad acts (if plaintiff opens the door) | R. 403 prejudicial; R. 404 inadmissible character evidence; R. 609; R. 801, 802 hearsay |
| DX909 | 04/03/22 | Case Supp Report – motor vehicle theft, unlawful poss of stolen vehicle & poss cannabis | Rule 404(b) character evidence, prior bad acts (if plaintiff opens the door) | R. 403 prejudicial; R. 404 inadmissible character evidence; R. 609; R. 801, 802 hearsay |
| DX910 | 04/03/22 | Case Supp Report – theft, motor vehicle theft, and criminal damage to property | Rule 404(b) character evidence, prior bad acts (if plaintiff opens the door) | R. 403 prejudicial; R. 404 inadmissible character evidence; R. 609; R. 801, 802 hearsay |

8.     **Deposition Designations**

The parties do not intend to introduce any witness's testimony via deposition.

9.    **Damages Itemization**

Plaintiff is seeking to recover compensatory damages for pain and suffering and emotional distress.

10. **Motions *In Limine***

Plaintiff's motions *in limine*:

(1)     Barring any mention of other arrests or convictions of Plaintiff.
(2)     Barring undisclosed opinion testimony.
(3)     Barring evidence and testimony regarding GPS data.
(4)     Barring evidence and testimony relating to other lawsuits.
(5)     Barring any suggestion that the individual defendants will be personally responsible for payment of compensatory damages.

Defendants' motions *in limine*:

(1)     To bar witnesses from the courtroom.
(2)     To bar witnesses from speaking about testimony while under oath.
(3)     To bar plaintiff from saying he waited a long time for day in court.
(4)     To bar argument that defendants did not comply with discovery.
(5)     To bar plaintiff from requesting production of records in front of jury.
(6)     To bar argument that parties or witnesses spent time prepping for trial.
(7)     To bar argument that the City will indemnify the officers.
(8)     To bar reference to "corporation counsel" or "City lawyers."
(9)     To bar argument that jury "should send a message" with its verdict.
(10)    To bar evidence of civil lawsuits and/or disciplinary records.
(11)    To bar evidence of an internal (COPA) investigation.
(12)    To bar evidence that any investigation was inadequate or improper.
(13)    To bar race-base or arguments
(14)    To bar evidence of "code of silence" or "thin blue line."
(15)    To bar evidence of unrelated, highly publicized police misconduct.
(16)    To bar references to DOJ, OIG, PATF, investigation of CPD.
(17)    To bar evidence that the officers violated internal rules (GOs and SOs).
(18)    To bar evidence that non-defendant employees engaged in misconduct.
(19)    To bar evidence that that officers are professional or paid witnesses.
(20)    To bar argument that driving down the wrong-way was improper.
(21)    To bar lay opinion testimony regarding medical diagnosis, terminology.
(22)    To bar evidence regarding future medical expenses; pain and suffering.
(23)    To bar burden-shifting arguments; fail to call witnesses.
(24)    To bar plaintiff from treating non-party witnesses as adverse.
(25)    To bar argument that the City failed to preserve video.

11. **Voir Dire Questions**

    **Agreed upon questions:**

        (1)    Do you believe that a police officer's testimony is entitled to more weight merely because he or she is a police officer?

        (2)    Do you believe that a police officer's testimony is entitled to less weight compared to other witnesses merely because he or she is a police officer?

        (3)    Do you have any relatives or friends that are involved in law enforcement? Please Describe this involvement?

        (5)    Have you ever requested the assistance of police officers?  What were the circumstances?

        (6)    Have you, any relative, or any friend ever worked for any local, state or federal law enforcement agency or any Police Department?  Please explain.

        (7)    What is your primary source of news or current events?

        (8)    Have you ever worked for the Public Defender's Office or know someone who has? If so, how might that affect your decision-making in this case?

        (9)    Have you experienced treatment by a police officer that you felt was improper or have seen the police treat someone in a way that you felt was improper? If so, how might that affect your decision-making in this case?

        (10)    You will be instructed on the law. The law might be different from what you think it is or should be. Are you able to follow the court's instructions even if you disagree with them?

        (11)    Do you have any pre-conceived opinions regarding the conduct of police officers or their truthfulness?

    **Plaintiff's proposed questions:**

        (1)    Do you believe that a person who has been arrested should not be able to bring a lawsuit against a police officer for his arrest?

                **Defendants' objection:** Plaintiff was not arrested and this case does not involve a claim for false arrest.

(2)     Are you familiar with the Chicago Police Department? If yes, what do you know about it and how did you come to have this knowledge.

**Defendants' objection:** Question is vague as to "familiar with" and is not relevant to the qualifications of jurors.

(3)     Do you believe that police officers, like ordinary citizens, must obey the law?

**Defendants' objection:** Question is confusing, vague, and argumentative. There are exceptions when a police officer can violate traffic laws. In addition, this question improperly indoctrinates the jury by suggesting that the officers broke the law in this case.

(4)     Do you believe that police officers should sometimes be given "a break" because they have a stressful job?

**Defendants' objection:** Question is confusing, vague as to "given 'a break because they have a stressful job.' " The question is also argumentative and improperly suggests that a finding of not liable would mean the officers are getting away with something.

(5)     Do you, close relatives, or friends belong to or participate in any police related organizations or functions such as a neighborhood watch program, or a ride-along program?  If so, please describe.

**Defendants' objection**: This question is not relevant to the qualifications of jurors. The jurors only need to state whether they can be fair in this case.

(6)     Do you feel that the money damages awarded in lawsuits today are generally too high?

**Defendants objection**: This question is vague as to "lawsuits" and is not relevant to the qualifications of the jurors. This question should ask if a juror could award compensation to plaintiff if supported by the evidence.

**Defendants proposed questions**:

(1)     Have you participated in any protests, rallies, or demonstrations? If so, what cause were you supporting (or protesting)? How might that affect your decision-making in this case?

**Plaintiff's objection:** Requiring a potential juror to identify any specific cause they support or political party/movement they support would be unduly chilling the exercise of their First Amendment rights. Jurors only need to state whether they can be fair in this case.

(2) On a sliding scale, with defund-the-police movement on one side, and back-the-blue movement on the other side, where do you fall on the spectrum?

**Plaintiff's objection:** Requiring a potential juror to identify any specific cause they support of political party/movement they support would be unduly chilling the exercise of their First Amendment rights. Jurors only need to state whether they can be fair in this case.

(3) How many of you are familiar with reports about the Chicago Police Department? Which ones? How might that report affect your view of this case??

**Plaintiff's objection:** This question is likely to open a wide-ranging discussion about unrelated events. Jurors need only state whether they can be fair in this case.

(4) Footage from the officers' body-worn cameras is not available in this case. Does that make anyone suspicious about the officers' conduct?

**Plaintiff's objection:** This question is argumentative. The absence of body worn camera video is a central issue in this case in particular the reasons why it is "not available" is a hotly disputed issue of fact that should not be pre-judged during jury selection.

(5) Do you think, even if just a little bit, that the plaintiff must have a meritorious case, otherwise we wouldn't be here for you, the jury, to decide?

**Plaintiff's objection:** This question is argumentative. The Jury will be instructed on the applicable burden of proof.

(6) How many of you are waiting for the officers to prove that they did nothing wrong in this case?

**Plaintiff's objection:** This question is argumentative. The Jury will be instructed on the applicable burden of proof.

(7)    How many of you suspect that your friends or family might have a problem with your verdict if your verdict is for the police officers?

**Plaintiff's objection:** This question is not neutral. A neutral version of the question would ask if they believe friends or family would have a problem with any verdict.

(8)    If you find that plaintiff has not met his burden of proof, are you able to send him home without any money?

**Plaintiff's objection:** This question is not neutral. A neutral version would ask if a juror would hesitate to award compensation to Plaintiff if supported by the evidence simply because the defendants are police officers.

12.    **Jury Instructions / Verdict Forms**

The proposed jury instructions are being submitted in a separate document that comports with this Court's standing order.

DATED: December 20, 2024                    Respectfully submitted,


*/s/ Garrett Browne*                         */s/ Jordan F. Yurchich*
Garrett Browne                               JORDAN F. YURCHICH
ED FOX & ASSOCIATES, LTD.                    Assistant Corporation Counsel Supervisor
118 N. Clinton St., Suite 425                City of Chicago, Department of Law
Chicago, IL. 60661                           2 North LaSalle Street, Suite 420
(312) 345-8877                               Chicago, Illinois 60602
gbrowne@efoxlaw.com                          312.745.1625 (Phone)
                                             Jordan.yurchich2@cityofchicago.org